United States District Court
Southern District of New York
-----------------------------------------------------------x
JMJ Financial,

                          Plaintiff,                                          Complaint

       v.

Blink Charging Co.,

                          Defendant.
-----------------------------------------------------------x

Plaintiff JMJ Financial ("JMJ"), by its attorneys, for its Complaint herein respectfully alleges:

the parties

1. Plaintiff JMJ is one of the names under which Justin Keener, an individual who is a citizen of Puerto Rico, conducts business.

2. Defendant Blink Charging Co. ("Blink") is a corporation organized and existing under the laws of the state of Nevada with its principal place of business located in Miami Beach, Florida.

jurisdiction and venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) in that the action is between citizens of a state and citizens of a different state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property which is the subject of the action is situated and it is the exclusive district in which Blink agreed that the claims hereafter set forth can be brought.

facts common to all claims

5. On or about April 9, 2018, JMJ purchased warrants to acquire 147,058 shares of Blink common stock (the "Warrants") on the terms and conditions set forth in the Warrants. Among other things. JMJ could exercise the Warrants for a period of five years to purchase up to 147,058 shares of Blink for an Exercise Price of $4.25 per share, subject to adjustment as set forth in the Warrants.

6. The Warrants permitted JMJ to exercise them on a "cashless" basis whereby, instead of paying the Exercise Price in cash, JMJ was permitted to pay the Exercise Price by a reduction

in the number of shares to which JMJ was otherwise entitled upon exercise, all in accordance with the calculations for a cashless exercise as set forth in the Warrants.

7. The Warrants provided that, upon exercise of the Warrants, Blink would deliver the shares due and owing to JMJ not later than two trading days after the exercise.

8. On November 23, 2020, JMJ duly delivered a Notice of Warrant Exercise to Blink. Although JMJ exercised the Warrants for all of the 147,058 shares into which the Warrants were exercisable, because JMJ exercised the Warrants on a cashless basis, Blink was obligated to deliver only 126,148 shares of Blink common stock to JMJ. Pursuant to the terms of the Warrants, Blink was obligated to deliver those shares to JMJ on or before November 25, 2020.

9. JMJ acquired the Warrants in April 2018 and exercised the Warrants in November, 2020, well beyond any time restrictions pursuant to which Blink, under applicable laws, would have been required to issue restricted shares upon exercise of the Warrants. Blink, therefore, at the time the Warrants were exercised, was obligated to deliver 126,148 shares of its freely trading common stock (the "Shares") to JMJ.

10. Blink has failed to deliver the Shares to JMJ.

First Claim for Relief
Breach of Contract
relief requested - order directing delivery of shares

11. JMJ realleges paragraphs 1 through 10.

12. JMJ has performed all of the provisions of the Warrants on its part to be performed.

13. As a result of Blink's failure to deliver the Shares in accordance with the terms of the Warrants, JMJ has suffered damages.

14. JMJ has no adequate remedy at law.

15. JMJ, therefore, requests that the Court order Blink to deliver 126,148 shares of its freely trading common stock to JMJ forthwith.

Second Claim for Relief
Breach of Contract
relief requested - damages

16. JMJ realleges paragraphs 1 through 10, 12 and 13.

17. JMJ, therefore. is entitled to an award of damages in an amount of at least $4.2 million to be determined at trial.

Third Claim for Relief
Conversion
relief requested - order directing delivery of shares

18. JMJ realleges paragraphs 1 through 10 and 12 through 14.

19. Pursuant to ¶5(d) of the Warrants, Blink has reserved shares to deliver to JMJ upon exercise of the Warrants.

20. Upon due submission of the Exercise Notice, JMJ had a greater right than Blink to possession of those shares which were reserved to be delivered upon exercise of the Warrants.

21. Blink's failure to deliver the Shares has interfered with JMJ's right to possession of the shares which were reserved to comply with the exercise of the Warrants.

22. Blink's failure to deliver the Shares, therefore, constitutes an improper conversion of the Shares.

23. JMJ, therefore, requests that the Court order Blink to deliver 126,148 shares of its freely trading common stock to JMJ forthwith.

<u>Fourth Claim for Relief</u>
Conversion
relief requested - damages

24. JMJ realleges paragraphs 1 through 10, 12 through 14 and 19 through 22.

25. As a result of Blink's conversion of the Shares, JMJ is entitled to an award of damages in an amount of at least $4.2 million to be determined at trial.

<u>Fifth Claim for Relief</u>
attorneys fees

26. JMJ realleges paragraphs 1 through 25.

27. Pursuant to ¶5(g) of the Warrants, Blink agreed to pay all of JMJ's costs and expenses in enforcing its rights in connection with Blink's willful failure to deliver the Shares, including, but not limited to, JMJ's attorneys' fees.

28. Blink's failure to deliver the Shares to JMJ pursuant to the terms of the Warrants was willful.

29. JMJ, therefore, is entitled to judgment against Blink in the amount of its costs and expenses, including its attorneys' fees, incurred in connection with enforcing its rights under the Warrants.

Wherefore, Plaintiff JMJ Financial demands judgment against Defendant Blink Charging Co. as follows:

i) on the First and Third Claims for Relief, for an order directing Blink to deliver 126,148 shares of its freely trading common stock to JMJ forthwith; and

ii) on the Second and Fourth Claims for Relief for damages in an amount of at least $4.2 million to be determined at trial; and

iii) on the Fifth Claim for Relief for attorneys' fees in an amount to be determined after trial; and

iv) on all claims for relief, for interest, attorneys fees, and the costs and disbursements incurred by JMJ Financial in this matter; and

v) for such other, further and different relief as the Court deems just and proper.

Law Offices of Kenneth A. Zitter

By_____

Kenneth A. Zitter
Attorneys for Plaintiff JMJ Financial
260 Madison Avenue, 18th Floor
New York, NY 10016
212-532-8000
KAZ-3195